UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINE M. MOEN,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

                Defendant.

Case No. 3:16-cv-05804-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On November 5, 2009, plaintiff filed an application for SSI benefits, alleging she became disabled beginning February 27, 2007. Dkt. 12, Administrative Record (AR) 623. That application was denied on initial administrative review and on reconsideration. AR 18. A hearing was held before an administrative law judge (ALJ), at which plaintiff appeared and testified. AR 35-74.

In a decision dated February 15, 2012, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 18-29. Plaintiff's request for review was denied by the Appeals Council, which plaintiff then appealed to this Court. AR 1, 623. On March 26, 2014, based on the stipulation of the parties, the Court remanded the matter to the Commissioner for further administrative proceedings. AR 692-94.

On remand, another hearing was held before the same ALJ, at which plaintiff appeared and testified, as did a vocational expert. AR 649-665. In a decision dated April 29, 2015, the ALJ again found plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 623-640. It appears the Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the Commissioner's final decision, which plaintiff appealed in a complaint filed with this Court on September 23, 2016. Dkt. 3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the medical evidence, including the opinions of Robert E. Schneider, Ph.D., M. Kristin Price, Ph.D., ; Daniel K. Beavers, D.O., Tobias A. Ryan, Psy.D., Donald D. Ramsthel, M.D., Gary Pape, M.D., Kye Park, M.D., Cynthia Collingwood, Ph.D., and Bruce Eather, Ph.D.

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence;

(4) in assessing plaintiff's residual functional capacity ("RFC"); and

(5) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion of Dr. Ryan, and therefore in assessing plaintiff's RFC, in finding plaintiff to be capable of performing other jobs, and in determining plaintiff to be disabled. Accordingly, the Court finds that the decision to deny benefits should be reversed and that this matter should be remanded for further consideration of those issues.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must

affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.     The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 862 F.3d 987, 997 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of*

*Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.  Dr. Ryan, examining psychologist

Dr. Ryan, an examining psychologist, evaluated plaintiff in late January 2014, and provided an opinion (quoted in relevant part) that Ms. Moen had "a moderate[ly] to severely impaired ability to maintain a daily/weekly work schedule because of chronic pain." AR 1107. The ALJ gave "little weight" to this opinion because (1) "the effect of physical pain is not Dr. Ryan's area of expertise," and (2) Dr. Ryan "based that statement on [plaintiff's] subjective report, even though [Dr. Ryan] discredited her judgment and insight." AR 637.

Plaintiff asserts the ALJ erred; Ms. Moen argues that as a clinical psychologist, Dr. Ryan was qualified to state his opinion about the observed effects of chronic pain on her ability to function mentally. The Court agrees. The ALJ points to no authority for the proposition that a

licensed psychologist cannot express an opinion concerning the effects of pain on mental functioning, or that an acceptable medical source must be an expert in a particular area in order to have an opinion about its effects. Nor does the record indicate Dr. Ryan necessarily relied on plaintiff's subjective report as opposed to his own objective clinical findings in forming his opinion. AR 1102-1107; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. SSR 96-8p, 1996 WL 374184, at *2. However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the following mental RFC:

**She can sustain concentration, persistence, and pace for simple, routine,**

> **repetitive work in a predictable work environment, with few – if any –
> changes in the normal routine. She should have the opportunity to learn
> tasks by visual or other demonstration, as opposed to a requirement of
> mastering written materials. She can engage in brief, routine, normal
> interaction with coworkers and supervisors.**

AR 628 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the opinion of Dr. Ryan regarding plaintiff's ability to maintain a daily/weekly work schedule, the ALJ's RFC assessment cannot be said to completely and accurately describe all of her functional limitations. Accordingly, the ALJ erred here as well.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 639-640. But because as discussed above the ALJ erred in

assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert–and thus that expert's testimony and the ALJ's reliance thereon–cannot be said to be supported by substantial evidence or free of error.

IV. Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to plaintiff's ability to maintain a daily/weekly work schedule, her RFC, and her ability to perform other jobs exiting in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and

this matter is REMANDED for further administrative proceedings.

Dated this 20th day of September, 2017.

_Theresa L. Fricke_
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 9